

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ARTHUR R. MOSELEY, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO. 3:05-797-HFF-JRM |
| | § |
| NFN KING *et al.*, | § |
| | § |
| Defendants. | § |

ORDER

This is a civil rights action filed under 28 U.S.C. § 1983. Plaintiff is proceeding *pro se*. The matter is before the Court for review of the report and recommendation (Report) of the United States Magistrate Judge which recommends that the Court deny Plaintiff's motion for default judgment and motion for immediate transfer/injunctive relief and grant Defendants' motion for summary judgment. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 14, 2006, and Plaintiff timely filed objections on March 22, 2006.

The Magistrate Judge first recommended that Plaintiff's motion for default judgment be denied. The Magistrate Judge based this recommendation on the fact that Plaintiff had miscalculated the dates on which Defendants' answers to Plaintiff's complaint were due. (Report at 2-3.) Instead of calculating Defendants' twenty days in which to respond to Plaintiff's complaint from the dates of service (May 18 and 24, 2005), Plaintiff calculated Defendants' response date from the date of the Magistrate Judge's service order (May 6, 2005). Because the former is the correct date from which to calculate Defendants' deadline for response, Defendants did, by filing their answer on June 9, 2005, respond to Plaintiff's complaint within the twenty day period prescribed by rule. Fed. R. Civ. P. 12(a). Therefore, Plaintiff's motion for default judgment must be denied.

The Magistrate Judge next recommended that Plaintiff's motion for immediate transfer/injunctive relief be denied. In this motion (or, more correctly, series of motions), Plaintiff seeks transfer from Lieber Correctional Institution (LCI) because of severe mistreatment allegedly suffered there. The Magistrate Judge concluded that this motion should be denied because Plaintiff is not entitled to a preliminary injunction under the factors laid out in *Blackwelder Furniture Co. v. Seilig Manuf. Co.*, 550 F.2d 189 (4th Cir. 1977). (Report 4.) In addition, the Magistrate Judge noted that Plaintiff's motion for injunctive relief should be denied as moot because Plaintiff is no longer an inmate at SCDC. *Id.* at 5. The record indicates that Plaintiff is now being held at the Florence County Detention Center. Thus, the Court agrees that Plaintiff's motion for injunctive relief is moot in that the relief which Plaintiff seeks–immediate transfer from LCI–is unnecessary.

Finally, the Magistrate Judge recommended that Defendants' motion for summary judgment

be granted. The Magistrate made this recommendation after a thorough and well-reasoned analysis of the claims in Plaintiff's complaint and of the materials offered by Defendants in support of their motion. However, due to Plaintiff's failure to respond to the motion in a timely fashion (the response was not filed until March 22, 2006), the Magistrate Judge did not have the benefit of Plaintiff's view of the facts when he entered his Report. Although the Court typically will not consider a response which is untimely filed, here Plaintiff has alleged that he was prevented from accessing his legal materials and that his change of address resulted in a delay in his receiving filings made in this case. Based on these allegations, the Court believes that justice would be best served by recommitting Defendants' motion for summary judgment to the Magistrate Judge for him to reevaluate the motion in light of Plaintiff's response. Of course, the Magistrate Judge may, in his discretion, permit Defendants to file a reply and may enter further orders and reports as necessary.

Accordingly, the Court adopts those portions of the Report which recommend that Plaintiff's motions for default judgment and for injunctive relief be denied. The Court finds that Plaintiff's motions for default judgment and for injunctive relief should be, and hereby are, **DENIED**. The case is **RECOMMITTED** to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

Signed this 27th day of March, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**
Plaintiff is hereby notified that he has the right to appeal this Order within **thirty(30)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.