

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ARTHUR R. MOSELEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:05-797-HFF-JRM |
| | § | |
| NFN KING, Lieutenant at Lieber *et al*. | § | |
| | § | |
| Defendants. | § | |

ORDER DENYING PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS, ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I.     INTRODUCTION

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. Pending before the Court are Plaintiff's Petition for Writ of Mandamus and the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' Motion for Summary Judgment be granted. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II.     DISCUSSION

### A.     Plaintiff's Petition for Writ of Mandamus

Although writs of mandamus have been abolished in the district courts,[1] the substantive rights of the parties are still governed by the principles that formerly applied in mandamus cases. Fed. R. Civ. P. 81(b), *see also* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3134 (2d ed. 2006) ("The same principles that governed the former writ now govern attempts to secure similar relief by action or motion."). The Court has carefully reviewed Plaintiff's Petition for Writ of Mandamus [Doc. 76], praying this Court to remove the Magistrate Judge from this case, but finds the request to be wholly without merit. Simply stated, Plaintiff has failed to set forth any factual or legal basis on which this Court could grant the relief that Plaintiff seeks. Accordingly, the Petition will be denied.

### B.     Report of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 31, 2006, and the Clerk entered Plaintiff's objections on September 27, 2006. The Court has now carefully considered Plaintiff's objection

---

[1] In fact, in citing to Rule 65(f)(a) in his petition, Plaintiff appears to be citing to the South Carolina Rules of Civil Procedure and not the Federal Rules of Civil Procedure.

memorandum but finds the objections contained therein to be without merit. Therefore, for the reasons set forth in the Magistrate Judge's comprehensive and well-reasoned Report, the Court will grant Defendants' Motion for Summary Judgment.

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein.

### III.    CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Petition for Writ of Mandamus and **GRANTS** Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED**.

Signed this 28th day of September, 2006, in Spartanburg, South Carolina.

> s/Henry F. Floyd
> HENRY F. FLOYD
> UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
### NOTICE OF RIGHT TO APPEAL
The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.